Michele L. Johnson-Burnett
2213 Tern Bay Lane
Lakewood, California 90712
(562) 682-7330
Micheleburnett25@gmail.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHELE L. JOHNSON-BURNETT, <br><br> Plaintiff, <br><br> vs. <br><br> 1.MICHAEL W. FITZGERALD, U.S. DISTRICT COURT JUDGE; <br><br> 2.CHARLES F. EICK, U.S. DISTRICT COURT MAGISTRATE JUDGE; BOTH INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY(S), <br><br> Defendant | Case No.: <br><br> **CV 16 - 03302 CAS** <br><br> **18 U.S.C. SUBSECTION 4 ; CHARGE OF MISPRISON OF FELONY COMPLAINT/STATEMENT OF FACTS/ARGUMENTS OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT; TO CHIEF JUDGE GEORGE H. KING; JURY TRIAL DEMANDED** |

## I.
## JURISDICTIONAL BASIS

Plaintiff claims federal jurisdiction pursuant to Article III subsection two; which extends the jurisdiction to cases arising under the U.S. Constitution. Plaintiff alleges deprivation of rights secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment as protected by 42 U.S.C. subsection 1983. The Plaintiff also alleges the violation of rights secured by Article 1, Section 7(a)(b) of the California State Constitution; Jurisdiction of this state claim is vested

18 U.S.C. SUBSECTION 4 ; CHARGE OF MISPRISON OF FELONY COMPLAINT/STATEMENT OF FACTS/ARGUMENTS OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT; TO CHIEF JUDGE GEORGE H. KING; JURY TRIAL DEMANDED - 1

in this Court by 28 U.S.C. subsection 1367(a).

## II.
## VENUE

The venue is proper in this District under 28 U.S.C. subsection 1391(b) on the grounds that some or all of the conduct at issue took place in, and/or some or all of the Defendants reside/are employed in the District of California.

## III.
## PARTIES

1. **PLAINTIFF; Michele L. Johnson-Burnett;** is a natural burn American; who resides at 2213 Tern Bay Lane; Lakewood, California 90712. Plaintiff is the surviving joint tenant of the stated property which was held in joint tenancy with Carrie O. Jolly who is deceased as of October 10, 2011. The Plaintiff is the owner by law of joint tenancy to the real property located in Los Angeles County, California and more specifically described as Tract No. 28176 Lot 57; Parcel Number 7157-035-009. Plaintiff has possession of all real property.

2. **DEFENDANT; Michael W. Fitzgerald, U.S. District Court Judge;** 312 North Spring Street; Los Angeles, California 90012. 16th Floor, Courtroom 1600 Judges interpret the law; assess the evidence presented, and control how hearings and trials unfold in their courtrooms. Most important of all, judges are impartial decision-makers in the pursuit of justice. Judges should remain impartial; assess the facts and how the law applies to those facts. In all of his actions and omissions alleged in this complaint the Defendant acted under color of state law to deprive the Plaintiff of the right to defend her property rights through the request for a jury trial; secured by the Constitution and is being sued individually; in his official capacity in this action for the deprivation of that right.

3. **Defendant; Charles F. Eick, U.S. District Court Magistrate Judge;** 312 North Spring Street; 3rd Floor, Courtroom #20.; Los Angeles, California 90012. The position replaced the role of the federal court commissioner. Magistrate judges are empowered to dispose of a greater range of minor matters; to include to preside over criminal arraignments, conduct misdemeanor trials, if the defendant agrees; to serve as special masters in civil actions; and where requested by district judges, to preside over discovery and other pre-trial proceedings.

18 U.S.C. SUBSECTION 4 ; CHARGE OF MISPRISON OF FELONY COMPLAINT/STATEMENT OF FACTS/ARGUMENTS OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT; TO CHIEF JUDGE GEORGE H. KING; JURY TRIAL DEMANDED - 2

## IV.
## GENERAL ALLEGATIONS

1. Plaintiff alleges that the Defendants received information that the Plaintiff's constitutional property rights were not being upheld under "color of law" by four (4) judicial officers.

2. Plaintiff alleges that the Defendant, Magistrate Judge Charles F. Eick, received the information of the violation/crime after the Plaintiff submitted the *"Title 42 U.S.C. subsection 1983 Civil Rights Verified Complaint"* for the filing process on the 21st of March 2016.

3. Plaintiff alleges that the Magistrate Judge received the information with the *"Request To Proceed In Forma Pauperis With Declaration In Support"* and the *"Title 42 U.S.C. Subsection 1983 Civil Rights Verified Complaint"* on the 23rd of March 2016.

4. Plaintiff alleges that the Defendant blocked the Plaintiff's redress of the violation(s) stated in the complaint; and the "Demand for Jury Trial" by deliberately misstating incorrect information in the (*"Order Re Request To Proceed In Forma Pauperis"*) in stating the reasons for the denial of the Plaintiff's request to proceed (*"In Forma Pauperis."*)

5. The Plaintiff alleges that the Defendant, Magistrate Judge Charles F. Eick deliberately stated the incorrect information in order to (block) shield the four (4) named judicial officers from being sued for violating the Plaintiff's stated Constitutional property rights.

6. The Plaintiff alleges that the Defendant, Magistrate Judge Charles F. Eick then submitted the (*"Order Re Request To Proceed In Forma Pauperis"*) to the Defendant, U.S. District Court Judge, Michael W. Fitzgerald; for approval.

7. The Plaintiff alleges that the Defendant, U.S. District Court Judge, Michael W. Fitzgerald approved the (*"Order Re Request To Proceed In Forma Pauperis"*); also giving his approval of the denial of the Plaintiff's stated constitutional property right(s), the denial (block) of the Plaintiff's "Demand" request for a jury trial; and the "cover" (shield) for the four (4) named judicial officers in the civil rights complaint.

8. Plaintiff alleges that both Defendants, had a duty to report the crime of a felony to a government law enforcement body that is not themselves involved in the federal crime. The Defendants have not reported the crime; and have committed the federal offense of failure to disclose a felony.

## STATEMENT OF FACTS

18 U.S.C. SUBSECTION 4 ; CHARGE OF MISPRISON OF FELONY COMPLAINT/STATEMENT OF FACTS/ARGUMENTS OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT; TO CHIEF JUDGE GEORGE H. KING; JURY TRIAL DEMANDED - 3

1. On March 21, 2016 the Plaintiff files a "Title 42 U.S.C. Subsection 1983 Civil Rights Verified Complaint; Demand for Jury Trial; (Ref. Case No. 2:16-cv-1919-MWF(E) with the Clerk of the U.S. District Court; Central District of Los Angeles, California. *(See Exhibit A; Filed Civil Rights Complaint with Attachments A-H; Total pgs. 39 )*

2. The complaint was assigned to Judge Michael W. Fitzgerald, U. S. District Judge; and Charles F. Eick, Magistrate Judge, "who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that a trial is required, the Magistrate Judge shall prepare and file a report and recommendation regarding the disposition of this case, which may include proposed findings of fact, conclusions of law, and proposed written order or judgment, which shall be served on all parties. If the Magistrate Judge concludes that a trial is required, the Magistrate Judge shall so report to the District Judge." *(See Exhibit B "Notice of Judge Assignment and reference to a United States Magistrate Judge; 1st Par.)*

3. The Plaintiff submitted a "Request to Proceed In Forma Pauperis with the Civil Rights Complaint on the 21st of March 2016; the request was denied and the case was dismissed by the Magistrate Judge on the 23rd 2016.

4. The reasons given for denial by the Magistrate Judge were: 1. Inadequate showing of indigency; 2. District Court lacks jurisdiction; 3. Immunity as to judicial defendants *(See Exhibit C; Order Re Request to Proceed In Forma Pauperis with attachments 3pgs.) See Attachment C; mail stamped the 23rd is dated as the 24th. )*

   a. Item #1 states that…"Plaintiff's declaration in support of her request to proceed in forma pauperis asserts that Plaintiff owns a home valued at approximately $560,000. Accordingly, Plaintiff has not made a sufficient showing of indigency to demonstrate entitlement to file this action without prepayment of the full filing fee. See 28 U.S.C. Subsection 1915."

   b. Item #2 states that…"This federal court lacks jurisdiction over Plaintiff's challenges to the decisions of the California state courts. Under the "Rooker-Feldman" doctrine, a federal district court lacks subject matter jurisdiction to review final state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Rooker-Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp.

v. Saudi Basic Industries, Inc., 544 U.S. 280, 294 (2005). The only proper federal court in which to obtain review is the United States Supreme Court, for writ of certiorari. District of Columbia Court of Appeals v. Feldman, 460 U.S. at 476; 28 U.S.C. Subsection 1257."

c. Item #3 states…"Furthermore, Plaintiff's Claims against judicial officers arising out of court rulings are barred by the doctrine of judicial immunity. The doctrine of judicial immunity bars state and federal claims for damages against a judicial officer for actions taken in his or her judicial capacity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam) ; Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996), cert. denied, 519 U.S. 1118 (1997). "[J] udicial immunity is not overcome by allegations of bad faith or malice." Mireles v. Waco, 502 U.S. at 11; see also Regan v. Price, 131 Cal. App. 4th 1491, 1495, 33 Cal. Rptr. 3d 130 (2005) ("This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly.:) (citations omitted). The doctrine "applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff." Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (citations and quotations omitted); see also, Stump v. Sparkman, 435 U.S. 349 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.") ."

## *POINTS OF FACTS AND AUTHORITIES:*

The Plaintiff has duplicated the major portions of the preceding document *("Order Re Request To Proceed In Forma Pauperis")* in order to challenge the justification(s) for the denial and dismissal of the civil rights complaint; for the "document" is the "block" that was used to not only deny the Plaintiff's request/demand for a "Jury Trial," it is also the "block" that is being used to conceal, the federal crime of deprivation of the Plaintiff's constitutional right(s) by 4 judicial officers; shielding judicial wrongdoers with absolute judicial immunity. The act constitutes an abuse of discretion by the Magistrate Judge and was sanctioned by the District Court Judge. The document, along with the filed civil rights complaint, are the documentary evidence that the Plaintiff will use to support the justification for the charge of Misprision of Felony against the Defendants. Examination of #4 of the "Statement of Facts on page #2, 4a-c will be the main focus of the argument(s) against the *("Order Re Request To Proceed In Forma Pauperis.")*

## *STATEMENT OF FACTS/ARGUMENT(S) FOR ITEM #4a, ITEM #1*

18 U.S.C. SUBSECTION 4 ; CHARGE OF MISPRISION OF FELONY COMPLAINT/STATEMENT OF FACTS/ARGUMENTS OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT; TO CHIEF JUDGE GEORGE H. KING; JURY TRIAL DEMANDED - 5

The Plaintiff's name is on title to a home with an approximate value of $560,000.00; which under ordinary circumstance would be an asset to the Plaintiff; however, the home is the subject matter of the initial lawsuit. A "Liz Pendens" (Notice of Pendency of Action) has been recorded on the property. The Plaintiff is unable to derive any monetary benefit from the property as long as there is ongoing pending litigation to remove the "cloud on title." The Defendants were made aware of this information through the submission of both of the Civil Rights Complaint and the *("Motion/ Request to Proceed In Forma Pauperis;")* and are using their judicial discretion along with this information to "block" the Plaintiff's lawsuit against the judicial officers of the court.

### STATEMENT OF FACTS/ARGUMENT(S) FOR 4b, ITEM #2

The Plaintiff submitted the Civil Right Complaint as a lawsuit against the Defendants for the violation of constitutional rights; there was also a "Demand" request for a jury trial. The complaint charged the judicial officials with a federal crime; *there was no request from the Plaintiff for review. The Plaintiff requested a jury trial.* Title 42 U.S.C. subsection 1983 suits may be filed in either a state or federal court; when there is an issue(s) of violation of an applicable federal statute(s) or constitutional law. The Plaintiff filed a *"CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983 VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL" as stated on page #1 of the complaint.*

### STATEMENT OF FACTS/ARGUMENTS FOR 4c ITEM #3

The principle of judicial immunity is that judges are granted immunity from civil suit in the exercise of their judicial functions. The main judicial function of a judge is to uphold the U.S. Constitution; for it is the supreme law of the land; and judicial officers have a sworn duty to uphold it. Any law, statute, ordinance or regulation that is contrary to the supreme law is a nullity. It is not a judicial function to act contrary to the U.S. Constitution. The judicial officers acted contrary to the supreme law of the land; when unlawfully charging the debt of the deceased joint tenant to the surviving joint tenant; and depriving the Plaintiff of the full use of her real property rights. The Defendants were made aware of the information through the reading of the Civil Rights Complaint. *(Tagliavia V. County of Los Angeles (1980) 112 Cal.App.3d 759, 761 [169 Cal. Rptr. 467];*

Judges are not immune from liability for non-judicial actions; immunity exists for "judicial" actions; those relating to a function that is normally performed by a judge and where the parties understood they were dealing with the judge in his/her official capacity. Fraud, extortion, racketeering and violation of citizen's civil

rights are not part of the "judicial function." Immunity is justified and defined by the functions it protects and serves, not by the person(s) to whom it attaches. *(Forrester v. White (1988) 484 U.S. 219, 227 [108 S.Ct. 538, 544, 98 L. Ed.2d 555, 565].); (Howard, supra, 222 Cal.App.3d at p. 851, fn. 3, 271 Cal.Rptr. 893.)*

A judge is not immune for actions, which may be judicial in nature, when those actions are taken in the complete absence of all jurisdiction. *(Soliz, supra, 74 Cal.App.4th at p. 592, 88 Cal.Rptr.2d 184.)* The judicial defendant(s) lacked jurisdiction. In the lower court the Defendant judge lacked subject matter jurisdiction; a credible witness was missing. Only one party (the Plaintiff) was present; along with the "attorneys" for the defendant(s) for the Demurrer hearing. Attorney(s) can not testify. The lower court did not do a "fact find;" and rendered a void decision. A judge must act within his/her jurisdiction as to subject matter and person; to be entitled to immunity from civil action for his/her acts. The Defendant(s) were made aware of the judicial officials lack of jurisdiction when the Civil Rights Complaint was submitted to the District Court for filing; and the *"Request to Proceed In Forma Pauperis")* was submitted for approval. *(Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938)* Although the defendants might argue that any act "of a judicial nature" entitles the judge to absolute judicial immunity, in the absence of all jurisdiction the second prong necessary to absolute judicial immunity is missing. *(Stump v. Sparkman, 435 U.S. 349 (1978)*

Federal tort law supports the fact that judges cannot invoke judicial immunity for acts that violate litigants civil rights; *(Robert Craig Waters, Tort& Insurance Law Journal, Spr. 1986 21 n3, p509-516)* The Defendant themselves, are judicial officers; and have been made aware that a felony crime has been committed; and yet, they have chosen to conceal the crime; by blocking the Plaintiff's right to file the Civil Rights Complaint; requesting a jury trial; and to shield fellow judicial officers by remaining silent; showing approval/sanctioning the wrongful act.

### *A DUTY TO REPORT...*
### *Summary Conclusion*

Deprivation of the constitutional rights of a citizen(s) is a crime; that is a felony. Failure to disclose a felony is a federal offense; and if coupled with the act of concealing the felony, such as harboring or protecting the person(s) performing the felony is a serious offense.

The above named Defendants are shielding judicial officials from being sued for civil rights violations; by blocking the Plaintiff's *"Request to Proceed Informa Paulperis;"* through abuse of discretion; giving sanction to the felony crime; and

18 U.S.C. SUBSECTION 4 ; CHARGE OF MISPRISON OF FELONY COMPLAINT/STATEMENT OF FACTS/ARGUMENTS OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT; TO CHIEF JUDGE GEORGE H. KING; JURY TRIAL DEMANDED - 7

shielding the judicial official(s) with immunity; while denying the Plaintiff the right to a jury trial. The "act" shows approval of the felony crime; through "color of law" by the Defendants; and therefore, gives justification for the lawsuit against the Defendants of the charge of Misprison of Felony.

***WHEREFORE;*** the Plaintiff prays and requests that:

1. Defendants be charged with Misprison of Felony
2. The "Order" denying the Plaintiff to proceed in forma paulperis and dismissing the "Title 42 Subsection 1983 Verified Complaint" be reversed
3. **DEMAND FOR JURY TRIAL**

Dated this 3nd of May, 2016

Michele L. Johnson-Burnett

18 U.S.C. SUBSECTION 4 ; CHARGE OF MISPRISON OF FELONY COMPLAINT/STATEMENT OF FACTS/ARGUMENTS OF POINTS AND AUTHORITIES AND EXHIBITS IN SUPPORT; TO CHIEF JUDGE GEORGE H. KING; JURY TRIAL DEMANDED - 8

# ATTACHMENT A

Michele L. Johnson-Burnett
2213 Tern Bay Lane
Lakewood, California 90712
(562) 682-7330 Fax (562) 724-9824
micheleburnett25@gmail.com

Plaintiff in Pro Per

FFILED

2016 MAR 21 PM 12: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV16-01919 MWF(E)

| | |
|---|---|
| MICHELE L. JOHNSON-BURNETT,<br><br>Plaintiff,<br><br>vs.<br><br>**RICHARD DENNIS ALDRICH, LEE SMALLEY EDMON, AND PATTI S. KITCHING**; INDIVIDUALLY IN THEIR OFFICIAL CAPACITIES AS STATE APPELLATE COURT JUSTICES; **ROGER ITO,** INDIVIDUALLY IN HIS OFFICIAL CAPACITY AS SUPERIOR COURT JUDGE ; **DANIELLE M. GRAHAM (SBN# 286021), CHRISTOPHER L. PETERSON (SBN# 315069)** AND **PETER J. SALMON (SBN# 174386)** INDIVIDUALLY IN THEIR OFFICIAL CAPACITIES AS ATTORNEYS FOR **ALDRIDGE PITE, LLP;** COUNCEL | Case No.: [Number]<br><br><br>**CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983 VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** |

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 1

FOR **CITIMORTGAGE INC.;**
**STEPHEN T. HICKLIN (SBN #**
**#136568), MICHAEL R. GONZALES**
**(SBN# 261302 ) AND MICHAEL**
**MINH LE (SBN# 255056)**
INDIVIDUALLY  IN THEIR
OFFICIAL CAPACITIES AS
ATTORNEYS AND COUNCEL FOR
**NBS DEFAULT SERVICES LLC,**
**TRUSTEES FOR CITIMORTGAGE**
**INC.**

Defendants

## I.
## JURISDICTIONAL BASIS

Plaintiff claims federal jurisdiction pursuant to Article III subsection two; which extends the jurisdiction to cases arising under the U.S. Constitution. Plaintiff alleges deprivation of rights secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment as protected by 42 U.S.C. subsection 1983. The Plaintiff also alleges the violation of rights secured by Article 1, Section 7(a)(b) of the California State Constitution; jurisdiction of this state claim is vested in this Court by 28 U.S.C subsection 1367(a).

## II.
## VENUE

The Venue is proper in this District under 28 U.S.C subsection 1391(b) on the grounds that some or all of the conduct at issue took place in, and/or some or all of the Defendants reside/are employed in the District of California.

## III.
## PARTIES

1. **PLAINTIFF; Michele L. Johnson-Burnett,** is a natural born American; who resides at 2213 Tern Bay Lane; Lakewood, California 90712.  Plaintiff is the surviving joint tenant of the stated   property which was held in joint tenancy with Carrie O. Jolly who is deceased;

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983 VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 2

as of October 10, 2011. The Plaintiff is the owner by law of joint tenancy to the real property located in Los Angeles County, California and more specifically described as Tract No 28176 Lot 57; Parcel Number 7157-035-009. Plaintiff has possession of all real property.

2. **DEFENDANTS; CALIFORNIA APPELLATE COURT JUSTICES; RICHARD DENNIS ALDRICH, LEE SMALLEY EDMON AND PATTI S. KITCHING** (who is retired as of 09/2015); Second District, Division Three Appeals Court; located in Los Angeles, California; 300 South Spring Street; 2nd Floor North Tower; are responsible for reviewing trial court decisions; to determine whether the trial judge followed proper procedure and correctly interpreted and applied California Case Law to the facts of the case(s). Appellate Justices are bond to uphold both the federal and state constitutions. In all of their actions and omissions alleged in this complaint the Defendants were acting under color of state law to deprive the Plaintiff of property rights secured by the Constitution and are being sued individually in this action

3. **DEFENDANT JUDGE ROGER ITO;** Employed at the Norwalk Court in the County of Los Angeles; at 12720 Norwalk Boulevard; Norwalk, California 90650; as a judge hears testimony and evidence and decides a case by applying the law to the facts of the case. Superior Courts Judges handle all civil and criminal cases. State and Federal judges are bond to uphold both the state and federal constitutions. In all of his actions and omissions alleged herein, Defendant was acting under color of state law and is being sued individually in this action and in his official capacity.

4. **DEFENDANTS; ATTORNEYS; DANIELLE M. GRAHAM (SBN# 286021), CHRISTOPHER L. PETERSON (SBN# 315069) AND PETER J. SALMON (SBN# 174386) OF THE LAW FIRM ALDRIDGE PITE, LLP; COUNSEL FOR CITIMORTGAGE INC.** located at 4375 Jutland Drive, suite 200; San Diego, California 92177. Attorneys are advocates, advisors and counselor to and for their clients. The position would include counseling clients about legal options and representing them in civil or criminal court proceedings; working inside courtrooms as well as outside of court; researching, and preparing cases, and offering advice to clients. Plaintiff is also informed that the Attorneys in their official capacities are authorized to give advice and counsel clients as to the applicability

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 3

of both the federal and state statues and constitutional laws; and in all of their actions and omissions stated in this complaint the Defendants were acting under color of state law and are being sued individually and in their official capacities.

5. **DEFENDANTS; ATTORNEYS, MICHAEL R. GONZALES (SBN# 261302), STEPHEN TODD HICKLIN (SBN# 136568) AND MICHAEL MINH LE(SBN# 255056) OF THE LAW FIRM BUCKLEY & MADOLE P.C. COUNSEL FOR NBS DEFAULT SERVICES LLC; TRUSTEES FOR CITIMORTGAGE INC.** Business address is 301 East Ocean Boulevard Suite 1720; Long Beach, California 90802; Attorneys are advocates, advisor, and counselors for clients; The position would include counseling clients about legal options and representing them in civil or criminal court proceeding; working inside and outside courtrooms; performing duties that include researching, and preparing cases for trial, offering advice to clients; advise and/or counsel clients as to the applicability of statues and laws pertaining to Real Property and constitutional law. Plaintiff is informed and alleges that the Defendant individually and in their official capacities were acting under color of state law and are being sued in this action individually and in their official capacity.

6.

## ABSOLUTE AND QUALIFIED IMMUNITY

The Plaintiff has named three State Appellate Court Justices and one Superior Court State Judge; as Defendants who acted individually in their respective positions, (capacities) under color of law; depriving the Plaintiff of Real Property rights as clearly stated in the U.S. Constitution. The Plaintiff will submit evidence to substantiate the stated allegations in the Complaint; and in so doing, makes the request through motion that no immunity be ("Absolute nor Qualified") be granted to these named individuals; for the Plaintiff is aware and it will be proven that the Defendants have acted outside their jurisdiction as to subject matter jurisdiction; and person; and are not entitled to any immunity. *(Rankin v. Howard,, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S. Ct. 2020, 451 U.S. 939,68 L.Ed 2d 326)*

Plaintiff has also named six attorneys; who are representatives from two law firms for one major financial institution and its trustee; who have also acted outside subject matter jurisdiction; and have also acted under color of law; by giving assistance to the State Officials in the deprivation of the Plaintiff's Real Property rights. The representative Attorneys are

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 4

also being sued individually; in their official capacities. The Defendant Attorneys have also acted under color of law; and thus have acted outside their official capacities and the Plaintiff also makes the request through motion that immunity not be granted to these individuals.

The Plaintiff submits this complaint for cause; and incorporates the legal statements of facts of law in items numbered 1-9 for reference in support of the stated allegations.

## GENERAL ALLEGATION(S)
## THE CHALLENGED LAW;
## CALIFORNIA JOINT TENANCY CASE LAW

1. In California property that is held in "joint tenancy" intrinsically carries with it the "Right-of-Survivorship;" which is sometimes over looked by Real Estate and Legal professionals; and also by those who hold title to real property in Joint Tenancy.

2. The "survivorship" feature of a joint tenancy is that on the death of a joint tenant, the surviving joint tenant becomes the sole owner of the entirety, not by descent but by survivorship and by virtue of the original grant creating the tenancy. *(King v. King (1951) 107 Cal. App.2d 257, 259,236 P.2d 912)*

3. A "joint tenancy" is an interest owned by two or more persons in equal shares when expressly declared in the instrument conferring title; and may be formed anytime. *(Civ. Code subsection 683)*

4. No interest in the property passes to the heirs, devisees, or personal representatives of the joint tenant first to die. *(Santoro v. Carbone (1972) 22 Cal. App. 3d 721, 729, 99 Cal. Rptr. (Clark v. Carter (1968) 265 Cal. App. 2d 291, 294, 70 Cal. Rptr. 923)*

5. When a cotenant encumbers his or her separate interest in the property, the lien attaches only to his or her interest and not to the interest of the other cotenant. *(Caito v. United California Bank, 20 Cal. 3d 694, 701 144 Cal. Rptr. 751, 576 P.2d 466 (1978)*

6. A mortgage or deed of trust executed by one joint tenant, or a judgment lien against the interest of one joint tenant, does not sever the joint tenancy or affect the "right-of-survivorship". *(Tenhet v. Boswell, 18 Cal. 3d 150, 133 Call. Rptr. 10 554 P.2d 330 (1976) (Hammond v. McArthur, 30 Cal. 2d 512, 515,183 P.2d 1 (1947) (dictum); Grothe v. Cortlandt Corp., 11 Cal. App. 4th 1313, 1318, 14 Cal. Rptr. 2d 38 (4th Dist. 1992)*

7. The courts have reasoned that encumbrances, whether voluntary or involuntary, are only security interests and do not impair the essential unities of title. *(Russell v. Lescalet, 248 Cal. App. 2d 310, 312, 56 Cal. Rptr. 399 (2d Dist. 1967); (Hamel v Gootkin, 202 Cal. App.2d 27, 28, 20 Cal. Rptr. 372 (2d Dist. 1962)*

8. A lien that is secured only by the separate interest of one joint tenant expires and is extinguished on the death of the debtor joint tenant and the surviving joint tenant holds the title free of the lien.*(Clark v. Carter, 265 Cal. App. 2d 291, 294, 70 Cal. Rptr. 923 (4th Dist, 1968) ; (Hamel v. Gootkin, 202 Cal. App. 2d 27, 28, 20 Cal. Rptr. 372 (2d Dist. 1962); (People v. Nogarr, 164 Cal. App. 2d 591, 593, 330 P.2d 858, 67 A.L.R.2d 992 (2d Dist 1958).*

9. When a lien is recorded against the interest of the debtor in the property before title is conveyed by the debtor and his co-tenant to themselves and joint tenants, the lien survives the subsequent death of the other joint tenant. *(Dieden v. Schmidt, 104 Cal. App. 4th 645, 128 Cal. Rptr. 2d 365 (1st Dist. 2002)*

## GENERAL ALLEGATIONS

1. Plaintiff is informed and believes and does allege that Defendants (1) are the agents and/or employees, partners or in some manner agents and/or principals for each other and at the time of the incident(s) which comprise the complaint herein; were acting under "Color of Law" with knowledge, consent and approval, of each other.

2. Plaintiff is informed and alleges that …Under "Color of Law" California Appellate Court Justices, Richard Dennis Aldrich, Lee Smalley Edmon and Patti S. Kitching, (who is retired as of 09/2015) along with Superior Court Judge, Roger Ito, Under the advice and direction of the Respondent's Counsel; Aldridge Pite, LLP Representatives, Peter J. Salmon (SBN# 174386), Christopher L. Peterson (SBN# 315069) and Danielle M. Graham (SBN# 286021) with the consent of the Respondents  CITIMORTGAGE INC, along with NBS DEFAULT SERVICES LLC TRUSTEES, (acting as Agents for the Respondents) and its counsel Buckley & Madole P.C.. counsel representatives Michael R Gonzales (SBN# 261302), Stephen Todd Hicklin (SBN# 136568) and Michael Minh Le (SBN# 255056) have with full knowledge and forethought, through the misapplication of stated real property case law, misstatements of facts and facts of law, have conspired to deprive the Plaintiff, Michele L. Johnson-Burnett of her stated property rights; as stated in the 14th Amendment of the U.S. Constitution; as well as Article 1 section 7(a)(b) of the California Constitution; WITHOUT

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 6

JUSTIFICATION;

3. Plaintiff alleges that the Defendant Roger Ito lacked Subject Matter Jurisdiction in the trial court.

4. Plaintiff alleges that the Defendants did not have a credible witness to substantiate the attorney allegations.

5. Plaintiff alleges that the Defendants used statements submitted through attorneys as facts.

6. Plaintiff is informed and alleges that the Defendants prevented the Plaintiff's legal request for a hearing to remove the "Cloud on Title;" (the debt of the deceased joint tenant) in order to unlawfully charge the debt of the deceased joint tenant to the surviving joint tenant based upon fraud.

7. Plaintiff is informed and alleges that the Defendants agreed to use the submission of the "Original Complaint" that was filed on 11/22/13; instead of the "1st Amended Complaint" that was filed and served on December 26, 2013; as the basis to misapply, misstate statements of facts, facts of law and the render decisions, judgments/orders in the above entitled case.

8. Plaintiff is informed and alleges that the Defendants are using the state judicial system to engage in fraudulent litigation practices in order to deprive citizens of their property rights; and are guilty of racketeering.

9. Plaintiff is informed and alleges that the Defendants have agreed to misapply and misstate joint tenancy case law;

10. Plaintiff is informed and alleges that the Defendants have agree to the deliberate misstatement of facts in the above entitled case.

11. Plaintiff is informed and alleges that the Defendants have agreed to ignore the Plaintiff's evidence.

12. Plaintiff is informed and alleges that the Defendants have agreed to ignore the Real Property provisions of the Plaintiff as stated in both the federal and state constitutions.

13. Plaintiff is informed and alleges that the Defendants are trying to establish/set president in order to deprive others who may want to have their survivorship rights upheld.

14. Plaintiff is informed and alleges that the copies of the assignment documents that were submitted to the court are fraudulent and the orders from both the trial court and the appellate courts are void orders.

15. Plaintiff alleges that the mortgage lien of CitiMortgage was extinguished upon the death of the debtor joint tenant; and is not theory but is factual.

16. Plaintiff alleges that a wrong decision was rendered based upon the incorrect assumption that…"because a mortgage lien was placed on the subject property by the debtor joint tenant before the creation of the joint

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 7

tenancy, the non-debtor tenant took title to the subject property "subject to" the mortgage lien; and is held responsible for the debt.

17. Plaintiff alleges that a decision was made based on the incorrect assumption that the "Right-of-Survivorship" is secured from the mortgage lien; (Trust Deed" of the debtor joint tenant.

18. A decision was rendered on the incorrect assumption that the cited case of ***(Cornelison v. Cornbluht 15 Cal 3d. 590, 597-98 125 Cal Rpt. 557,562, (1975))*** has application in a joint tenancy case.

19. Plaintiff alleges that a decision was made based on the incorrect assumption that the Defendants have an interest in the subject property after the debtor joint tenant's death.

20. Plaintiff alleges that a decision was rendered based on the incorrect assumption that for their "Purposes" the "Statute of Frauds" is not relevant and could be ignored; in order to hold the Plaintiff responsible for debt that is the debt of the deceased joint tenant's

21. The Plaintiff alleges that a decision was made which was not in line with established case law precedent.

22. Plaintiff alleges that a decision was made at the appellant level without the reviewing court verifying the jurisdiction of the lower court.

23. Plaintiff alleges that a decision was rendered based on a misstatement of fact; that the "Plaintiff is attempting to allege title by way of "adverse Possession."

24. The Plaintiff alleges that a decision was made based on the incorrect assumption that the Defendants were "entitled to initiate and pursue foreclosure proceedings."

25. Plaintiff alleges that a decision was rendered based on the incorrect assumption that the Plaintiff "has not alleged any facts suggesting the Notice of default was not properly recorded, and has not otherwise alleged facts to support a claim of quiet title."

26. Plaintiff alleges that a decision was rendered based on the incorrect assumption that the Plaintiff has not paid on the underlying Note.

27. Plaintiff alleges that a decision was rendered based on the incorrect assumption that the "Right-of-Survivorship" is separate from the joint tenancy itself.

28. Plaintiff alleges that a decision was rendered based on the intentional misstatement(s) of facts; from the Defendant Attorney(s).

29. Plaintiff alleges a decision was rendered; without statements in affidavit, depositions, or interrogatories from a credible witness from the Defendants.

30. Plaintiff alleges that a decision was rendered without a credible witness.

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 8

31. Plaintiff alleges that a decision was rendered by a judge who lacked "subject matter" jurisdiction; and who acted without reference to a "fact find" with the assistance of three Appellate Court Justices; and six Attorneys.

32. Plaintiff is informed and alleges that the Defendants have agreed to protect their potential interest in the financial institution(s) rather than to uphold any stated law which protects any citizen's constitutional rights and their positions of service or sworn oath of office.

## IV.
## STATEMENT OF FACTS:

1. On November 22, 2013 the Plaintiff files the "Original Complaint" for removal of the Cloud on Title; with the Clerk at the Norwalk Court; however, the Plaintiff doesn't serve the documents because Plaintiff had to first obtain the authorization to file a "Liz Pendas" from a Court Judge. *(Clerk's Transcripts; Case #sVC063650, B 256564  vol# 1 pg. #6) The first page of the complaint has a "SUMMONS ISSUED" stamp with handwritten # A6032; however a the Plaintiff's copy does not have the stamp.*

2. After only the filing of the "Original Complaint" the Plaintiff in accordance with CCP 405.21 sought the approval and signature of Judge John A. Torribio in Department C.

3. However, approval was denied; because the complaint "failed to state a cause of action;" therefore, the Plaintiff could not serve any of the documents that were filed on December 26, 2013

4. After consultation with an Attorney, the Plaintiff on December 27, 2013 returns to Department G; and receives approval to files and serve, and record the "1ˢᵗ Amended Complaint;" to remove Cloud from Title of Property; along with the "Notice of Liz Pendas (Notice of Pendency of Action".)*(Clerk's Transcript Case #VC 063650, B 256564; vol. 1; pgs. #13-25)*

5. On February 6, 2014, the Defendant(s) (CMI) Attorney, Danielle M. Graham, with the approval of Attorney Christopher L. Peterson files a "Notice to Adverse Parties of Removal to Federal Court" by FAX. The submission contained a copy of both the "Original Complaint" (that the Plaintiff only filed at the Clerk's office; but she did not served) that was filed on November 22, 2013and the "1ˢᵗ Amended Complaint;" that was filed and served on December 26, 2013. *(Clerk's Transcript; Case #s VC063650, B 256564; vol. #1 pg.# 37)*

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 9

6. In the submitted paperwork the Defendant, Attorney Danielle M. Graham stated that …"To-date, defendant CitiMortgage, Inc. has not been served with the Complaint, nor with the First Amended Complaint. Nor is the removing defendant aware of service having been effectuated on any other party in this action. (However, the Defendant is able to fax a copy of the documents to the District Court.*(Clerk's Transcript; Case #s 063650, B 256564 vol #1; pg.#37, par. #3)*

7. Defendant Attorney Danielle M. Graham miss-applies *(Dieden v. Schmidt (2002)104 Cal. App.4th 645, )*stating…"When property encumbered by a lien is transferred, the transferees are charged with constructive knowledge of the encumbrance and they take title to the property subject to the lien, not as bona-fide purchasers…When the lien attaches to property prior to the creation of the joint tenancy, the lien is not extinguished by the death of the join tenant, but instead remains valid and enforceable against the property in its entirety as encumbered." *652.) Clerk's Transcript; Case #s VC063650, B 256564 vol# 1 pg.# 133 top 1st par.)*

8. On March 6, 2014 the Defendant, NBS Attorney Michael M. Le files a Demurrer with the Clerk; stating that the FAC (1st Amended Complaint) as to the First Cause of Action of Quiet Title and Second Cause of Action for Removal of Cloud on Title on the basis that Plaintiffs fail to state facts sufficient to constitute a cause of action.*(Clerk's Transcript; Case #s VC063650, B 256564 vol.#1 pg#75)*

9. On March 11, CMI (CitiMortgage Inc.) Attorney Danielle M. Graham with approval from Attorney Christopher L. Peterson, files its Demurrer to the Plaintiff's 1st Amended Complaint; the basis given for the submission of the Demurrer is that…"Plaintiff has not alleged facts sufficient to support any of the causes of action." "Plaintiff rests her action on two erroneous arguments, neither of which provide a recognizable legal theory providing her with a cause of action or entitling her to relief. Plaintiff seems to imply that she is entitled to quiet title to the Subject Property in her favor, free and clear or CMI's lien interest, based on a theory of adverse possession."*(Clerk's Transcripts; Case #s VC063650, B 256564 vol.#1; pg.# 133 par.#1)*

10. On April 29, 2014, the Demurrers of Defendant(s) CMI and NBS were heard and sustained without leave to amend, with prejudice by the Defendant Judge Roger Ito.

11. The Defendant, Judge Roger Ito stated in the April 29th 2014 Oder that…"The FAC is based on a false premise-that as a joint tenant, plaintiff acquired the property free and clear of decedent's **lien. See Dieden v.**

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 10

**Schmidt (2002) 104 Cal.App.4th 645; Nguyen v. Calhoun (2003) 105 Cal.App.4th 428.** That is not the law." *(Clerk's Transcripts; Case #s 063650, B 256564 vol.# 2; pg. #266; par.# 3)*

12. In the April 29th Order Defendant, Judge Ito stated that…"To the extent plaintiff is attempting to allege title by way of adverse possession, the Court notes that she has not resided there for the five-year minimum period to establish an adverse possession claim, nor is her possession "hostile" to the defendant lenders. *(Clerk's Transcripts ; Case #s 063650, B 256564 vol.#2; pg. 267; par.# 2)*

13. The Plaintiff files the "Notice of Appeal" on May 21, 2014; the "Appellant's Opening Brief" on December 12/ 2014; and the "Appellant's Reply Brief on February 6th 2015. Oral Arguments were heard on August 11, 2015 at 1:30p.m. At that time the Appellant was only allowed to address only the issue that was relevant to the panel of three Justices (Defendants Dennis Aldrich, Lee Smalley Edmon and Patti S. Kitching.) Upon arrival to the hearing, the Plaintiff was given the "Tentative Ruling" that the panel had previously decided; based on the submitted briefs of the Appellant and Respondent; that stated…"The tentative decision is to affirm the judgment stating… "*The court tentatively concludes that Plaintiff acquired fee ownership subject to the mortgage lien because the lien attached to the property before the conveyance that created the right of survivorship. Accordingly, Plaintiff cannot state a claim to quiet title as to Defendants' interests in the property. "(see attachment A.)*

14. The "Petition for Rehearing" was filed on 10/14/2015 and denied on 10/16/2015.

15. On 11/04/2015 the Defendant's filed a "Request to Publish Opinion"; the request stated *…"Our firm represents CitiMortgage, Inc. in the above referenced appellate matter. The opinion is currently "NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS". Among the various standards for publication is whether the opinion "Applies an existing rule of law to a set of facts significantly different from those stated in published opinions".(California Rules of Court, Rule 8.1105©(2)). Here, the court applied the rule from the Dieden decision, which dealt with a judgment lien, and analogized it to a deed of trust. It may be worthwhile to have this case as future precedent as it specifically applies the rule to a deed of trust. Accordingly, CitiMortgage, Inc., a party to the appeal, respectfully requests that the opinion be published." (see Attachment B)*

16. On 11/04/2015 a letter was sent to the Supreme Court and counsel; from the Appellate Panel (Defendants, Dennis Aldrich, Lee Smalley Edmon, and Patti

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 11

S. Kitching) reaffirming their decision not to publish the opinion because…"that the opinion does not meet the standards of publication as set forth in rule 8.1120(b)(1), this court is referring this matter to the Supreme Court in the above context." *(See "Attachment C")*

17. On 11/16/2015 the Plaintiff files a "Petition for Review." In the Supreme Court; the petition was denied on 01/13/2016.

18. A "**REMITTITUR**" was filed on 1/28/16 stating that the 10/05/2015 order had become final. "Defendants CitiMortgage Inc. and NBS Default Services, LLC are entitled to their costs on appeal."
The Plaintiff sought to quiet title to real property that was held in joint tenancy with Carrie O. Jolly. It was asserted that after the death of the debtor joint tenant, the Plaintiff obtained ownership of the property by way of having the "Right of Survivorship" free and clear from the mortgage lien; as a matter of California law. The Lien was created first; and the joint tenancy was created in the same month and year; in June, 2009.

The trial court ruled on the Defendant(s) demurrers; sustaining both; without giving the Plaintiff "leave to amend." The Court also ruled that the Plaintiff is the owner of the subject property; however she takes the property "subject to" the mortgage lien. The main lead misapplied case in the decision was that of *(Dieden v. Schmidt (2002) 104 Cal. App. 4th 645.*

The appellant court ruled that because the mortgage lien was created before the conveyance of the "Right of Survivorship" accordingly, Plaintiff cannot state a claim to quite title as to Defendants claim in the property. The Appellant Court also cited the Dieden case in support of its decision.

## V.

### PROCEDURAL CLAIMS:
### MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY; U.S.C. 1961-1968 THROUGH FORCE OR THREATS

Any act or threat involving the act of extortion by means of fraud is chargeable under the **California State RICO ACT;** for at least one year and is indictable under the provisions of title 18 United States Code. The Plaintiff makes the following assertions of facts that are used for the stated procedural claims:

1. Plaintiff alleges that by means of fraud, all of the misstatements of facts, misapplications of case law, misstatements of facts of law and false statements in orders were communicated to the Plaintiff through the mail;

with the intent to extort real property and money from the Plaintiff under color of state law.

2. Plaintiff alleges that the Defendant Justice Roger Ito rendered a decision based on the "false allegations" of the Defendant Attorneys(s), Peter J. Salmon, Christopher L. Peterson and Danielle M. Graham; of the law firm Aldridge Pite, LLP; counsel for CitiMortgage Inc.; along with Defendant Attorney(s), Stephen T. Hicklin, Michael R. Gonzales and Michael Minh Le; of the law firm Buckley & Madole P.C.; counsel for NBS Default Services LLC Trustees.

3. The submitted documentation of the copy of the "assignment of trust deed" is a fraudulent document because it is dated after the death of the debtor joint tenant.

4. There were no sworn affidavits charging the Plaintiff for the debt of the deceased joint tenant.

5. Plaintiff alleges that an attorney, Stephen T. Kitagawa was used as a "credible witness" who is from the law firm of Aldridge Pite LLP; office address is 1920 Main Street #760; Irvine, California 92614; Phone number (714)285-2664; fax number (714)285-2665. (This information is on the California State Bar website as of 03/03/16. There was no "credible witness" for the Defendant CitiMortgage Inc.; therefore, the court did not have subject matter jurisdiction over the above stated case; at the April 29th 2014 hearing; because there was only one "credible witness;" (party) the Plaintiff, Michele L. Johnson-Burnett.

6. The Defendant Justices have approved of the non-procedural, unlawful judgement/order; denying the Plaintiff who is a Pro Se litigant, full legal title to property that she is lawfully entitled to; in violation of the 14th Amendment of the United States Constitution.

7. Plaintiff alleges that the Defendant, Justice Roger Ito did not have "subject matter" jurisdiction over the matter in order to render a decision on April 29th 2014; therefore, the order is a void order.

8. Plaintiff alleges that the Defendants have established a pattern; in this case; of which the uninformed joint tenancy property owner/Pro Se litigant can and will be harmed by means of the deception of fraud and extortion.

## VI.
## DECLARATORY RELIEF ALLEGATIONS

**Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.**

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 13

19. An actual and substantial controversy exists between the Plaintiff and the Defendants as to their legal rights and duties. The Plaintiff contends that both on their face and as applied to the Plaintiff, the rulings/orders of both the trial court and appellant court violate the Due Process and Equal Protection Clauses of the *(14th Amendment of the United States Constitution and 42 U.S.C. subsection 1983; as well as Article 1 section 7(a)(b) of the California State Constitution).*

20. California Commercial Code 7-501 applies to negotiation, transfer and delivery of a tangible paper mortgage loan package which consists of the paper note and its intact debt; (a.k.a. payment stream), the paper deed of trust and any applicable Assignment of Deed of Trusts related to a lawful sale. The Assignment of Deed of Trust must be timely filed pursuant to California Commercial Code 9312. The Defendant(s) CitiMortgage did not comply with this code; as a result, the debt became unsecured debt. *(Glaski v. Bank of America, 218 Cal. App. 4th 1079 (013) [Yvanova v. New Century Mortgage Corp., S218973 (02/19/2016)]*

21. California Commercial Code 9312 states that there is a 20 day grace period in order to perfect Assignment of the Deed of Trust; Promissory Note; and any and all other assignments; in order to secure the debt through filing and recordation of the original documents; not copies.

22. The alleged assignment document that was presented in the Clerk's Transcript, Vol. #1; pg. 105 that was submitted as a "Noticed Document" by the Defendant Attorneys is a fraudulent document. It is also dated as being assigned by a Sandra A. West (Signature is not the same as printed on document) on 07/25/2012 more than 20 days after the debtor joint tenant died; and more than two years after receipt of the first payment from the debtor joint tenant.

23. The M.E.R.S. system does not "assign" deeds of trust; it is only a data base which is used to keep track of who owns the debt. (The payment stream).

24. The Defendant, Attorney Danielle M. Graham submitted both the "Original Complaint" and the 1st Amended Complaint" to the District Court when the case was removed from the trial court. However, the "Original Complaint" had not been served. Only the "1st Amended Complaint" had been filed and served to NBS Default Services LLC. The Defendant stated that CMI had not been served.

25. The Defendant Attorneys by means of fraud, through misapplication of case law, misstatements of facts, misstatement of facts of law, and possible tampering with evidence; have submitted false information; with the intent to commit fraud upon the court which has been communicated to the

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983 VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 14

Plaintiff by mail.

26. With the approval of Defendant Justice Roger Ito, who repeated the false statements of the Defendant Attorneys; in his order; giving sanction to the fraud upon the court through the issuance of the signed order denying the Plaintiff of the right to remove the cloud on title; as well as denying the Plaintiff's 14th Amendment right to equal protection and privileges; to the enjoyment of owning property.

27. The intent was that the Plaintiff would rely on the unlawful order/judgements issued from the judge or justices; through the court clerk(s), sent through the mail; to the Plaintiff; upon which the Plaintiff would be subject to rely on; with the intent that the Plaintiff would either abandon the property or be subject to extortion of money as well as threats of loss of property to pay for debt that is not that of the Plaintiff; because the debt is **unsecured debt.** This act is prohibited by *(18 U.S.C. subsection 1341; and subsection 1962(b) (c) and (d)).*

28. The Attorneys for both entities, CitiMortgage Inc. and NBS Default Services, LLC (a financial institution and its Agent Trustee) knowingly submitted to the trial court, false information; through misapplication(s) of case law; misstatements of facts of law; as well as misstatements of facts.

29. The Defendant, Justice Roger Ito without having subject matter jurisdiction to act, accepted the false information from the Defendant Attorneys (as fact); and acted without a "finding of facts," knowingly rendering a decision; based upon those false statements.

30. The review court panel consisting of the Defendant Justices Richard Dennis Aldrich, Lee Smalley Edmon and Patti Kitching, (who is retired as of 09/2015) have also ignored case law precedent, misapplied case law; misstated facts of law; used of false comparisons; in order to establish a new policy which is contrary to what is established case law precedent in order to reaffirm the decision of the trial court; in favor of the financial institution, CitiMortgage Inc.; denying the Plaintiff's 14th Amendment right to have full use of property that is lawfully the Plaintiff's.

31. The case that is before this Court is only one case in which there are too many inconsistencies of procedural and legal deficiencies; that have been deliberately overlooked by state officials who are also officers of the court(s); yet the officers of the court have shown total disregard for stated case and constitutional laws; and therefore, have acted outside of their jurisdiction with respect to their individual positions; and are not entitled to immunity.

32. The defendants will continue to abuse their privileges of service. They have

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983 VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 15

also broken their oath of office; and cannot be trusted with the positions of power that they hold. They will continue to deny the survivorship rights of others who are also in the similar position as the Plaintiff. If not enjoined by this Court, the Defendant and their agents, representatives, and employees will continue to practice their deprivation of individual's property rights through color of state law by extortion through fraud.

33. The Plaintiff has and will continue to have emotional, physical, and financial distress from being unlawfully ordered to pay for debt that she does not owe; by means of fraud and extortion under color of state law; and also denied the full use of the property that legally belongs to the Plaintiff.

**FIRST CAUSE OF ACTION; CLAIM FOR RELIEF (42 U.S.C. SUBSECTION 1983; PROPERTY RIGHTS OR IMMUNITIES) Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.**

34. The Orders of the Defendants to enforce the responsibility for the payment of unlawful debt upon the Plaintiff is contrary to the privileges and immunities of citizens who are property owners holding title to real property in joint tenancy. The result of the unlawful order is that the Plaintiff is unduly burden with unsecured debt that is not the Plaintiff's; and denial of the full enjoyment and use of the property.

35. By enforcing the unlawful order the Defendants are acting under color of state law by depriving the Plaintiff of the full use of property; the right to control; the right of enjoyment to use the property in any legal manner in the fullest possible title to real estate "fee simple"

36. The Plaintiff alleges that the Defendants believe they are in full compliance with the law; an actual controversy exists between the parties; and the Plaintiff will continue to suffer an ongoing and irreparable harm unless the Defendants are restrained from practicing extortion through fraud; therefore, the Plaintiff requests through motion that the Defendants be enjoined by this Court.

**SECOND CLAIM FOR RELIEF (42 U.S.C. SUBSECTION 1983; EQUAL PROTECTION) The Plaintiff incorporates and re-alleges each and every allegation contained in the proceeding paragraphs of this Complaint; along with the reference material on page #3; items 1-9.**

37. The Orders of the Defendant Judge and Justices creates arbitrary and irrational discrimination. If the joint tenancy is formed before the creation of a mortgage lien the Right-of-Survivorship is recognized; however the

"right is intrinsic to holding title to property in joint tenancy; regardless of when the joint tenancy is formed. The law does not state that a joint tenancy must be created before any debt is incurred on real property.

38. By the enforcement of the unlawful orders the Defendants are irrationally and arbitrarily discriminating against the Plaintiff's property rights; in favor of the financial institutions which is a violation of the Plaintiff's 14th Amendment rights.

39. An actual controversy exists between the Defendants and the Plaintiff;

40. The Plaintiff is suffering ongoing and irreparable harm by the Defendant's discriminatory treatment and the harm will continue unless the orders are declared as unlawful and the Defendants have been enjoined by this Court.

## THIRD CLAIM FOR RELIEF; (EQUAL PROTECTION AND DUE PROCESS OF LAW; UNBRIDLED DISCRETION OF PUBLIC OFFICIALS) U.S. CONSTITUTION AMENDMENT XIV AND 42 U.S.C. SUBSECTION 1983

**The Plaintiff incorporates and re-alleges each and every allegation contained in the proceeding paragraphs of this Complaint.**

41. The unlawful orders that have been issued by the Defendant Judge and Justices grant the Defendant and their staff (financial institutions and their employees) unlimited and unguided discretion to dictate and interpret what constitutes "public need" or "public convenience and necessity;" at the expense of the citizens (including the Plaintiff's) rights.

42. The basic right(s) of property ownership are being violated by means of fraud and extortion; through the banking corporations; (corporate person (s)) with the approval of "Officers of the Court;" under color of state law.

43. By allowing unlimited and unguided accessible discretion over the complaint process, including the transference of the complaint from one department or even district without the consent of the party who originally submitted the action; and in allowing the prevailing party to prepare the court orders/decisions from the court is disruptive; and undermines the integrity of the administration of justice.

44. The "1st Amended Complaint" was removed from one department to another; and then from the trial court to the district court; by the Defendant Attorney(s); without the consent of the Plaintiff. The act of moving without the consent of the party who originally filed the complaint allowed for the disruption of due process and protection of the Plaintiff's rights as stated in the Constitution.

45. The Plaintiff alleges, that the Defendants believe that their actions comply

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 17

with all applicable laws.  There exists an actual controversy between the Defendants and the Plaintiff.

46.  The Plaintiff is suffering ongoing and irreparable harm by the Defendant's discriminatory treatment; and the harm will continue unless the discriminatory treatment is declared unlawful and enjoined by this court.

## FOURTH CLAIM FOR RELIEF PRIVILEGES OR IMMUNITIES UNDER THE CALIFORNIA CONSTITUTION
### Article 1 Section 7(a)(b)

**ARTICLE 1; Section 7(a) states... "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws;"**

**Section (b) states that... "A citizen or class of citizens may not be granted privileges or immunities not granted on the same terms to all citizens."**

**The Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint; along with the reference material on page #3 items 1-9**

47. With full knowledge and forethought, the Defendants acting under color of state law, have also arbitrarily and unreasonably interfered with the Plaintiff's constitutional rights to the full enjoyment of owning property; in violation of the privileges or immunities clause of Article 1; Section 7 (b); of the California State Constitution.

48. The Plaintiff alleges that the Defendants believe that their actions comply with all applicable laws.

49. An actual controversy exists between the parties; and the Plaintiff is suffering an ongoing and irreparable harm by the Defendants bias towards the financial institutions; and their discriminatory treatment against the Plaintiff; will continue unless the discriminatory treatment is declared to be unlawful and enjoined by this Court.

## VII.
## REQUEST FOR RELIEF

50. WHEREFORE; the Plaintiff request of this Court:

51. Enter judgement against the Defendants;

52. Issue a Declaratory judgement; declaring the acts of the Defendants to be in violation of the Plaintiff's constitutional rights to equal protection and due process;

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983 VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 18

53. Issue a Declaratory judgement reversing both the April 29th 2014 Order and the October 5th 2015 Order; charging the debt of the deceased joint tenant to the non-debtor joint tenant is unconstitutional as enforced and as applied; the Orders are void.

54. Issue a Temporary Restraining Order, and a Preliminary and Permanent Injunction; enjoining Defendants, their agents, servants, employees, from selling the subject property;

55. Award Plaintiff costs, interest and reasonable attorney's fees for this action;

56. Compensatory Damages; including general and specific damages according to proof;

57. Any further relief which the court may deem appropriate.

## VIII.

## DEMAND FOR JURY TRIAL

58. The Plaintiff hereby request a jury trial on all issues raised in this complaint.

Dated this 10th Day of March, 2016.

Michele L. Johnson-Burnett,
Plaintiff in Pro Per.

CIVIL RIGHTS 42 U.S.C. SUBSECTION 1983VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL - 19

## *"ATTACHMENT A"*

Division Three Tentative Rulings - August 2015

**A-6**   *Johnson-Burnett v. Citimortgage, Inc.*, **Case No. B256564**

The tentative decision is to affirm the judgment. The court tentatively concludes that Plaintiff acquired fee ownership subject to the mortgage lien because the lien attached to the property before the conveyance that created the right of survivorship. Accordingly, Plaintiff cannot state a claim to quiet title as to Defendants' interests in the property.

## *"ATTACHMENT B"*

# ALDRIDGE | PITE
### LLP

Alaska Arizona California Florida Georgia Hawaii Idaho Nevada New Mexico Oregon Texas Utah Washington

October 26, 2015

California Court of Appeal
Ronald Reagan State Building
300 S. Spring Street
2nd Floor, North Tower
Los Angeles, CA 90013

**Re:    Johnson-Burnett v. CitiMortgage, Inc.,et al.**
      **Case No.:    B256564**
      **Our File No.: 000172-007178.001**

Dear Honorable Justices:

Our firm represents CitiMortgage, Inc. in the above-referenced appellate matter. The opinion is currently "NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS". Among the various standards for publication is whether the opinion "Applies an existing rule of law to a set of facts significantly different from those stated in published opinions". (California Rules of Court, Rule 8.1105(c)(2)). Here, the court applied the rule from the Dieden decision, which dealt with a judgment lien, and analogized it to a deed of trust. It may be worthwhile to have this case as future precedent as it specifically applies the rule to a deed of trust. Accordingly, CitiMortgage, Inc., a party to the appeal, respectfully requests that the opinion be published.

Very truly yours,

ALDRIDGE PITE, LLP

Christopher L. Peterson
cpeterson@aldridgepite.com
(619) 326-2454

4375 Jutland Drive
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
www.aldridgepite.com

**_"ATTACHMENT C"_**



JOSEPH A. LANE
CLERK-OF-THE-COURT/ADMINISTRATOR

DANIEL P. POTTER
ASSISTANT CLERK/ADMINISTRATOR

Court of Appeal

STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT

300 SOUTH SPRING STREET
SECOND FLOOR, NORTH TOWER
LOS ANGELES, CALIFORNIA
90013
(213) 830-7000

November 4, 2015

Chief Justice Tani Cantil-Sakauye
Supreme Court of California
Earl Warren State Building
350 McAllister Street
San Francisco, CA 94102

Re:   Compliance with California Rules of Court, Rule 8.1120(b)
      *Michele L. Johnson-Burnett v. CitiMortgage Inc. et al.*
      2d Civ. No. B256564 (Super. Ct. No. VC063650)

To the Chief Justice and Associate Justices of the Supreme Court:

Attached hereto is a copy of the typewritten opinion filed October 5, 2015, in the above case, not certified for publication. Also attached is a copy of a letter requesting publication of the opinion from Aldridge Pite LLP by Christopher L. Peterson, Esq. on behalf of Defendant and Respondent CitiMortgage Inc., dated October 26, 2015.

After reexamination and reconsideration of the matter of publication, we consider our original decision not to publish to be valid, and hereby reaffirm that position, in that the opinion does not meet the standards of publication as set forth in rule 8.1105(c) of the California Rules of Court.

Therefore, pursuant to California Rules of Court, rule 8.1120(b)(1), this court is referring this matter to the Supreme Court in the above context.

Very truly yours,

Patti S. Kitching

PSK:hjw
Encls.

## *"ATTACHMENT D"*

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

#### SECOND APPELLATE DISTRICT

#### DIVISION THREE

COURT OF APPEAL - SECOND DIST.

**FILED**

OCT 05 2015

JOSEPH A. LANE     Clerk

_____

Deputy Clerk

| | |
|---|---|
| MICHELE L. JOHNSON-BURNETT,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITIMORTGAGE INC. et al.,<br><br>Defendants and Respondents. | B256564<br><br>(Los Angeles County<br>Super. Ct. No. VC063650) |

APPEAL from judgment of the Superior Court of Los Angeles County, Roger Ito, Judge. Affirmed.

Michele L. Johnson-Burnett, in pro. per., for Plaintiff and Appellant.

Pite Duncan, LLP, Peter J. Salmon, Christopher L. Peterson, and Danielle M. Graham for Defendant and Respondent CitiMortgage, Inc.

Buckley Madole, P.C., Stephen Hicklin, Michael R. Gonzales, and Michael Le for Defendant and Respondent NBS Default Services, LLC.

_____

A-1

## INTRODUCTION

Plaintiff Michele Johnson-Burnett appeals from a judgment of dismissal following an order sustaining demurrers by Defendants CitiMortgage Inc. (Citi) and NBS Default Services, LLC (NBS, and together with Citi, Defendants). Plaintiff's action sought to quiet title to real property she formerly held in joint tenancy with her grandmother, Carrie Jolly, on the theory that Citi's mortgage lien was extinguished when Plaintiff obtained fee ownership of the property by right of survivorship upon Jolly's death. The trial court ruled that Plaintiff could not obtain relief on her claim because Jolly mortgaged the property before creating the joint tenancy and, therefore, Plaintiff obtained her interest in the property subject to the lien. We affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

Carrie Jolly, Plaintiff's grandmother, purchased the subject property on June 19, 2009. On that date, California Financial Group, Inc., doing business as CFG Bancorp (CFG) recorded a deed of trust on the property securing a promissory note signed by Jolly in the principal amount of $290,000. The deed of trust names Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary, acting as nominee for the lender, CFG.

---

[1] Because this matter comes to us on demurrer, our statement of facts is based upon the allegations of the operative first amended complaint and facts properly subject to judicial notice. (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 885; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-266.) "[W]e treat as true all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." (*Freeman v. San Diego Assn. of Realtors* (1999) 77 Cal.App.4th 171, 178, fn. 3; *Fontenot* at pp. 264-266.)

2

Jolly transferred the subject property to herself and Plaintiff as joint tenants via a quitclaim deed recorded on June 30, 2009. Jolly died two years later, on October 10, 2011.[2]

On July 25, 2012, MERS, as nominee for CFG, assigned its interest under the deed of trust to Citi. On August 30, 2013, Citi substituted NBS as trustee under the deed of trust.

On October 9, 2013, NBS caused a notice of default to be recorded on the subject property.

On November 22, 2013, Plaintiff filed a complaint to quiet title, naming Citi and NBS as defendants. In her operative first amended complaint, Plaintiff asserted that the deed of trust attached to only Jolly's interest in the subject property, which was extinguished upon Jolly's death. On this basis, Plaintiff maintained that she acquired fee ownership of the property by right of survivorship " 'free and clear' " of all encumbrances placed on it by Jolly.

Defendants filed separate demurrers to the complaint. Among other things, Defendants argued that Plaintiff acquired her interest in the property subject to the deed of trust because the mortgage lien attached to the property before Jolly transferred it to herself and Plaintiff as joint tenants.

---

[2]    Plaintiff's request for judicial notice filed on February 6, 2015 is granted with respect to the facts contained in the certificate of death of Carrie O. Jolly. To the extent the other matters contained in the request for judicial notice are already part of the record or are not pertinent to the issues raised in this appeal, the request is otherwise denied as moot. We also deny Defendants' motion to strike portions of Plaintiff's opening brief as moot because the matters challenged by Defendants' motion have not impacted our resolution of this appeal.

3

The trial court sustained Defendants' demurrers without leave to amend. The court rejected Plaintiff's theory that, as a joint tenant, she acquired the property free and clear of the lien placed on it by Jolly, reasoning that "[w]hile plaintiff is the owner of the entire property [by right of survivorship], she takes the property along with the encumbrance."

## DISCUSSION

On review of a judgment of dismissal after an order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose." (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415; fn. 1, *ante*.)

Plaintiff contends the following facts are sufficient to establish her quiet title claim: (1) Jolly placed the subject mortgage lien on the property in Jolly's name alone; (2) Plaintiff held the property with Jolly as a joint tenant until Jolly's death; and (3) with Jolly's death, Plaintiff succeeded to full ownership of the property by right of survivorship. Based on these facts, Plaintiff contends the mortgage lien was extinguished upon Jolly's death, and she obtained full ownership by right of survivorship free and clear of the lien. Plaintiff's theory discounts a critical fact that manifestly defeats her claim.

Though it is the law that a lien secured by only the separate interest of one joint tenant expires upon that joint tenant's death (see, e.g., *People v. Nogarr* (1958) 164 Cal.App.2d 591, 593-595, 598),[3] this is not the rule when the lien attaches to the

---

[3] As the court explained in *Zeigler v. Bonnell* (1942) 52 Cal.App.2d 217, this rule stems from the unique qualities of the right of survivorship, which each join tenant separately holds as an incident of the joint tenancy: "The right of survivorship is the chief characteristic that distinguishes a joint tenancy from other interests in property. The surviving joint tenant does not secure that right from the deceased joint tenant, but from the devise or conveyance by which the joint tenancy was first created. [Citation.] While both joint tenants are alive each has a specialized form of a life estate, with what amounts to a contingent remainder in the fee, the contingency being dependent upon which joint tenant survives." (*Id.* at pp. 219-220.) Because each joint tenant separately holds the right of survivorship while both are alive, a lien to secure the debt of one joint tenant

4

property *before* the creation of a right of survivorship, as Plaintiff admits is the case here. Because the mortgage lien in this case attached to the subject property before Jolly conveyed it to herself and Plaintiff as joint tenants, Plaintiff acquired her right of survivorship subject to the lien. In view of this admitted fact, Plaintiff cannot quiet title as to Defendants' interest in the property.

*Dieden v. Schmidt* (2002) 104 Cal.App.4th 645 (*Dieden*) is instructive. In *Dieden*, a judgment creditor recorded an abstract of judgment and obtained a judgment lien against his judgment debtor's interest in certain real property. (*Id.* at p. 649.) At the time when the creditor recorded the abstract of judgment, the debtor and his wife owned the property as tenants in common. The debtor and his wife subsequently conveyed their interests in the property to themselves as joint tenants. Before the creditor forced a sale of the property, the debtor died, leaving his wife as the surviving joint tenant. (*Ibid.*)

The *Dieden* court framed the issue raised by the appeal in the ensuing quiet title action as "whether a judgment lien on a real property interest held by a tenant in common survives both a change in title to joint tenancy and the death of the debtor joint tenant." (*Dieden, supra,* 104 Cal.App.4th at p. 648.) The court concluded the lien survived because it "attached to [the debtor's] interest as a tenant in common, before the creation of any right of survivorship." (*Id.* at p. 651.) Citing Code of Civil Procedure sections 697.390 and 695.070, each of which governs judgment liens on interests in real property, the *Dieden* court observed, "a subsequent conveyance or encumbrance of an interest in real property subject to a judgment lien does not affect the lien" and "the judgment lien may be enforced against the property in the same manner and to the same extent as if there had been no transfer, even after the death of the judgment debtor." (*Dieden,* at

---

attaches to only her interest in the property. (*Id.* at p. 220.) Thus, when the debtor joint tenant dies, her separately held right of survivorship is extinguished, and the debtor no longer has an interest in the property for her creditor to levy upon. (*Ibid.*) However, as we explain above, because the right of survivorship is secured "from the devise or conveyance by which the joint tenancy was first created" (*ibid.*), if a lien attaches to the property *before* the conveyance is made, then the right of survivorship is secured subject to the lien on the property.

5

*A.5*

p. 651.) Based on these statutes, the court reasoned that when the debtor and his wife "transferred their tenant in common interests to one another . . . and created a joint tenancy, [the wife] took her interest in the property subject to the judgment lien." (*Id.* at pp. 651-652.) Accordingly, the court held, "[u]nder the Enforcement of Judgments Law, the right of survivorship, an interest created after the judgment lien, had no effect with respect to the judgment lien." (*Dieden,* at p. 652.)

Plaintiff contends *Dieden* is inapposite because *Dieden* concerned a judgment lien and the *Dieden* court expressly based its holding on the Enforcement of Judgment Law. Contrary to Plaintiff's premise, this distinction makes no difference. The principle codified in the Enforcement of Judgment Law upon which the *Dieden* court relied also applies to mortgage liens.

As our Supreme Court explained in *Cornelison v. Kornbluth* (1975) 15 Cal.3d 590 (*Cornelison*), "[u]pon the transfer of real property covered by a mortgage or deed of trust as security for an indebtedness, the property remains subject to the secured indebtedness." (*Id.* at p. 596.) Thus, "[a]lthough a nonassuming grantee of mortgaged property is not personally liable on the debt, *his interest in the property is subject to the lien.*"[4] (*Id.* at p. 599, italics added.)

Plaintiff's complaint admits that Jolly placed the subject mortgage lien on the property *before* she conveyed the property to herself and Plaintiff as joint tenants. Accordingly, Plaintiff acquired her right of survivorship subject to the lien. The trial court properly ruled that Plaintiff could not, as a matter of law, state a claim to quiet title with respect to Defendants' interest in the property.

---

[4]   Under the statute of frauds, a grantee that acquires real property subject to a pre-existing lien becomes personally liable for the debt and subject to the terms of the security instrument only if she executes a written assumption or the conveyance specifically provides for her assumption of the indebtedness. (Civ. Code, § 1624, subd. (a)(6); *Cornelison, supra,* 15 Cal.3d at p. 596.) For our purposes, whether Plaintiff assumed the debt is irrelevant to whether Defendants maintain an interest in the subject property under the deed of trust.

6

## DISPOSITION

The judgment is affirmed.  Defendants CitiMortgage Inc. and NBS Default Services, LLC are entitled to their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

EDMON, P. J.

ALDRICH, J.

7

A-7

# *"ATTACHMENT E"*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL – SECOND DIST.

# FILED

## Oct 16, 2015

JOSEPH A. LANE, Clerk

Z. Clayton _____ Deputy Clerk

MICHELE L. JOHNSON-BURNETT,

Plaintiff and Appellant,

v.

CITIMORTGAGE INC. et al.,

Defendants and Respondents.

B256564

(Los Angeles County
Super. Ct. No. VC063650)

THE COURT:

The petition for rehearing filed on October 14, 2015 is denied.

Edmon, P.J.          Aldrich, J.          Kitching, J.*



---

\*    Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.



## *"ATTACHMENT F"*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
JOSEPH A. LANE, CLERK

DIVISION 3

Los Angeles County Superior Court
111 North Hill Street
Los Angeles, CA 90012

> MICHELE L. JOHNSON-BURNETT,
> Plaintiff and Appellant,
> v.
> CITIMORTGAGE INC. et al.,
> Defendants and Respondents.
> B256564
> Los Angeles County No. VC063650

**\*\*\* REMITTITUR \*\*\***

I, Joseph A. Lane, Clerk of the Court of Appeal of the State of California, for the Second Appellate District, do hereby certify that the attached is a true and correct copy of the original order, opinion or decision entered in the above-entitled cause on October 5, 2015 and that this order, opinion or decision has now become final.

Defendants CitiMortgage Inc. and NBS Default Services, LLC are entitled to their costs on appeal.

Witness my hand and the seal of the Court
affixed at my office this     JAN 2 8 2016

Joseph A. Lane, Clerk

by:  V. Gray,
Deputy Clerk

cc:   All Counsel (w/out attachment)
File

## *"ATTACHMENT G"*

Court of Appeal, Second Appellate District, Division Three - No. B256564

S230455

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

MICHELE L. JOHNSON-BURNETT, Plaintiff and Appellant,

v.

CITIMORTGAGE INC. et al., Defendants and Respondents.

---

The petition for review is denied.
The request for an order directing publication of the opinion is denied.

Corrigan, J., was recused and did not participate.

SUPREME COURT
FILED

JAN 13 2016

Frank A. McGuire Clerk

Deputy

**CANTIL-SAKAUYE**

*Chief Justice*

*"ATTACHMENT H"*

Although the sale of a joint tenant's separate property interest in real estate severs the joint tenancy, a lease or encumbrance of the property by a joint tenant does not.

All the procedures for severing a joint tenancy are fully available for a husband or wife to sever the community property vesting which includes the right of survivorship. [CC §682.1]

## Clear title on death by affidavit

When co-ownership of property is vested as a joint tenancy, the death of a joint tenant *automatically extinguishes* the deceased joint tenant's interest in the real estate, leaving the surviving joint tenant(s) as the sole owner(s). However, the deceased joint tenant's interest in the property must be cleared from the title before the surviving joint tenant(s) will be able to sell, lease or encumber the property as the sole owner.

The new ownership interest of the surviving joint tenant(s) is documented by simply recording an **affidavit**, signed by anyone, declaring the death of a joint tenant who was a co-owner of the described real estate. [Prob C §210(a)]

The interest in the property held by the deceased spouse "as community property with right of survivorship" is extinguished by the same **affidavit** procedure used to eliminate the interest of a joint tenant, except the surviving spouse (or his representative) is the only one authorized to make the declaration. [See **first tuesday** Form 461]

The *joint tenancy affidavit*, which is a statement made under the penalty of perjury, includes:

- the name of the deceased joint tenant, sometimes called the **decedent**;

- a copy of the deceased joint tenant's death certificate;

- a description of the real estate affected by the joint tenant's death; and

- a statement the deceased is the person vested in title to the described property as a joint tenant. [See Form 460]

Once the affidavit is **notarized, recorded and indexed**, anyone conducting a title search on the property will have notice of the joint tenant's death since the deceased joint tenant is indexed as a grantor. Thus, the surviving joint tenant becomes the **sole owner** of the property due to the right of survivorship.

## Lien or lease extinguished on death

A trust deed lien or a creditor's judgment lien secured solely by a joint tenant's interest in real estate is extinguished on the death of the joint tenant. By the right of survivorship held by the surviving joint tenant(s), the ownership interest of the deceased joint tenant is **extinguished**, leaving nothing for the lien to encumber.

These rules of nonliability for surviving joint tenant(s) do not apply to the debts of a deceased spouse under the community property vestings, with or without the right of survivorship. [CC §682.1]

Consider an **unmarried couple** who hold title to a parcel of real estate as joint tenants.

A judgment creditor of one of the joint tenants seeks to execute on the judgment by foreclosing on the joint tenant's interest in the real estate.

*Legal Aspects of Real Estate, Fifth Edition*

A notice of levy is recorded and a date is set for the execution sale. However, before the date of the sale, the joint tenant who is the judgment debtor dies.

The surviving joint tenant seeks to bar (or set aside) the judgment creditor's execution sale, claiming the judgment lien only attached to the deceased joint tenant's **separate property interest** in the real estate which was extinguished on the joint tenant's death due to the right of survivorship.

The judgment creditor claims the joint tenancy was **severed** by the recording of the levy on the deceased joint tenant's interest, terminating the right of survivorship and preserving the judgment lien.

However, until the execution sale takes place, the judgment creditor only has a lien on the debtor joint tenant's interest in the property. Since a lien does not sever a joint tenancy and the joint tenant's interest ceases to exist on his death, the judgment creditor's lien disappears on the death of the joint tenant as well. [**Grothe v. Cortlandt Corporation** (1992) 11 CA4th 1313]

Similarly, a lease entered into by only one joint tenant is extinguished on the death of the joint tenant who executed the lease. [**Tenhet v. Boswell** (1976) 18 C3d 150]

## Death during divorce

The coexistence of joint tenancy and community property can lead to unintended results. The following unintended result will occur whether a joint tenancy vesting or a community property with right of survivorship vesting is used.

Consider a husband and wife who own a residence as joint tenants. The wife seeks a divorce, but takes no action to **sever** the joint tenancy. Before the marriage is ordered dissolved by the court, the wife dies. The husband claims the property is now his under the joint tenancy right of survivorship and sells it to a bona fide (BFP) purchaser.

The executor of the wife's estate seeks to obtain one-half of the proceeds of the sale. He claims the joint tenancy was severed when the wife filed the action to dissolve the marriage, and all property acquired by a husband and wife during the marriage is to be divided under community property principles on dissolution of the marriage, without consideration for the joint tenancy vesting. [Fam C §2581]

However, the marriage was never dissolved (severed). Without a dissolution, the joint tenancy was never severed by the court. Until the **marriage is dissolved** and the joint tenancy is **severed**, the residence remains vested in the husband and wife as joint tenants. Thus, the husband's right of survivorship to the property was not terminated and he will retain all the proceeds from the property's sale.

The wife, who was seeking a divorce, clearly did not intend for her interest in the property to pass to her husband on her death. However, the wife did not effect her intentions — as her attorney should have advised her — by immediately severing the joint tenancy. Thus, the husband's right of survivorship was not terminated by conveyance of the deed or dissolution of the marriage, and could be enforced whether the deceased's interest in the real estate was separate or community property. [**Estate of Blair** (1988) 199 CA3d 161]

The best remedy for a spouse involved in a divorce is to promptly and unilaterally sever the joint tenancy and community property with right of survivorship vestings.

# ATTACHMENT B

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHELE L. JOHNSON–BURNETT

PLAINTIFF(S)

v.

RICHARD DENNIS ALDRICH , et al.

DEFENDANT(S).

CASE NUMBER:

2:16–cv–01919–MWF–E

### NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

This case has been assigned to the calendar of the Honorable ___Judge Michael W. Fitzgerald___ U. S. District Judge, and referred to U. S. Magistrate Judge ___Charles F. Eick___ , who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that a trial is required, the Magistrate Judge shall prepare and file a report and recommendation regarding the disposition of this case, which may include proposed findings of fact, conclusions of law, and proposed written order or judgment, which shall be served on all parties. If the Magistrate Judge concludes that a trial is required, the Magistrate Judge shall so report to the District Judge.

Pursuant to Local Rule 5-4.1, all subsequent documents in this case must be filed electronically, unless exempted by Local Rule 5-4.2. Documents exempt from electronic filing pursuant to Local Rule 5-4.2(b), or presented by filer exempt from electronic filing pursuant to Local Rule 5-4.2(a), must be filed with the Clerk in paper at the following location:

Western Division
312 N. Spring Street, Rm. G–8
Los Angeles, CA 90012

Please note that, pursuant to Local Rule 83-2.5, all matters must be called to the judge's attention by appropriate application or motion filed in compliance with the Court's Local Rules. Parties are not permitted to write letters to the judge.

Local Rule 83-2.4 requires that the Court must be notified within five (5) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writting within five (5) days thereafter of your current address, the Court may dismiss the petition, with or without prejudice, for want of prosecution.

Clerk, U.S. District Court

__March 21, 2016__
Date

By __/s/ Estrella Tamayo__
Deputy Clerk

---

### NOTICE TO COUNSEL / PRO SE LITIGANT

*The party who filed the case-initiating document in this case must serve a copy of this Notice on all parties served with the case-initiating document.*

# ATTACHMENT C

FILED
CLERK, U.S. DISTRICT COURT

3/24/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CW _____ DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. JOHNSON-BURNETT, | **CASE NUMBER** |
| | 2:16-cv-1919-MWF(E) |
| **PLAINTIFF(S)** | |
| v. | |
| RICHARD DENNIS ALDRICH, LEE SMALLEY EDMON, AND PATTI S. KITCHING, | **ORDER RE REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS*** |
| **DEFENDANT(S)** | |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____
Date

_____
United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

[X] Inadequate showing of indigency          [X] District Court lacks jurisdiction

[ ] Legally and/or factually patently frivolous     [X] Immunity as to *judicial defendants*

[ ] Other: _____

Comments: *See Attachment.*

_3/23/16_
Date

_____
United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

[ ] GRANTED

[X] DENIED (see comments above). IT IS FURTHER ORDERED that this case is hereby:     [X] DISMISSED.
                                                                                       [ ] REMANDED.

March 24, 2016
Date

_____
United States District Judge

**ATTACHMENT**

**NO. 16-1919-MWF (E)**

Plaintiff's declaration in support of her request to proceed in forma pauperis asserts that Plaintiff owns a home valued at approximately $560,000. Accordingly, Plaintiff has not made a sufficient showing of indigency to demonstrate entitlement to file this action without prepayment of the full filing fee. See 28 U.S.C. § 1915.

This federal Court lacks jurisdiction over Plaintiff's challenges to the decisions of the California state courts. Under the "Rooker-Feldman" doctrine, a federal district court lacks subject matter jurisdiction to review final state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Rooker-Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries, Inc., 544 U.S. 280, 294 (2005). The only proper federal court in which to obtain review is the United States Supreme Court, by

1

petition for writ of certiorari. <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. at 476; 28 U.S.C. § 1257.

Furthermore, Plaintiff's claims against judicial officers arising out of court rulings are barred by the doctrine of judicial immunity. The doctrine of judicial immunity bars state and federal claims for damages against a judicial officer for actions taken in his or her judicial capacity. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991) (per curiam); <u>Moore v. Brewster</u>, 96 F.3d 1240, 1243-44 (9th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1118 (1997). "[J]udicial immunity is not overcome by allegations of bad faith or malice." <u>Mireles v. Waco</u>, 502 U.S. at 11; <u>see also</u> <u>Regan v. Price</u>, 131 Cal. App. 4th 1491, 1495, 33 Cal. Rptr. 3d 130 (2005) ("This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly.") (citations omitted). The doctrine "applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985) (citations and quotations omitted); <u>see also</u> <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

2

**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
U.S. COURTHOUSE
LOS ANGELES, CALIFORNIA 90012-4797

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

LOS ANGELES
CA 900
23 MAR '16
PM 4 L

9071 2206713

# ATTACHMENT D

Michele L. Johnson-Burnett
2213 Tern Bay Lane
Lakewood, California 90712
(562) 682-7330
micheleburnett25@gmail.com

Plaintiff in Pro Per

FILED

2016 MAR 21  PM 12: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE L. JOHNSON-BURNETT<br><br>PLAINTIFF/PETITIONER,<br>v.<br>RICHARD DENNIS ALDRICH, LEE SMALLEY EDMON, AND PATTI S. KITCHING;    DEFENDANT(S). | CASE NUMBER<br><br>CV 16 - 0 1 9 1 9 MWF(E)<br><br>**REQUEST TO PROCEED IN FORMA PAUPERIS WITH DECLARATION IN SUPPORT** |

I, <u>Michele L. Johnson-Burnett</u>, declare under penalty of perjury, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed? ☐Yes   ☑No

    a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. <u>N/A</u>

    b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. <u>1996; $23, 040.00</u>

2. Have you received, *within the past twelve months*, any money from any of the following sources?

    a. Business, profession or form of self-employment?     ☐Yes   ☑No

    b. Rent payments, interest or dividends?     ☐Yes   ☑No

    c. Pensions, annuities or life insurance payments?     ☐Yes   ☑No

    d. Gifts or inheritances?     ☐Yes   ☑No

    e. Any other income (other than listed above)?     ☑Yes   ☐No

    f. Loans?     ☐Yes   ☑No

    If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: <u>SSI/SOC-SEC. $14,616</u>

CV-60 (04/06)                                                                                          Page 1 of 2

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐Yes  ☑No

   If the answer is yes, identify each account and separately state the amount of money held in **each** account for each of the *six (6) months prior* to the date of this declaration.

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☑Yes  ☐No

   If the answer is yes, describe the property and state its approximate value: <u>HOME AND CAR ; HOME @ $560,000;</u>
   <u>CAR; $2,500.00 1993 CADI</u>

5. In what year did you last file an Income Tax return? <u>2013</u>

   Approximately how much income did your last tax return reflect? <u>LESS THAN $500.00</u>

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

   <u>NONE</u>

   _____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

<u>CALIFORNIA</u>
State

<u>LOS ANGELES</u>
County (or City)

I, <u>Michele L. Johnson-Burnett</u>_____, declare under penalty of perjury that the foregoing is true and correct.

<u>3/18/2016</u>
Date

Plaintiff/Petitioner (Signature)

**ATTACHMENT E**

3/24/2016

CW

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MICHELLE L. JOHNSON-BURNETT, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:16-cv-1919-MWF(E) |
| v. | |
| RICHARD DENNIS ALDRICH, LEE SMALLEY EDMON, AND PATTI S. KITCHING, | **ORDER RE REQUEST TO PROCEED** *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

[X] Inadequate showing of indigency      [X] District Court lacks jurisdiction

[ ] Legally and/or factually patently frivolous      [X] Immunity as to *judicial defendants*

[ ] Other: _____

Comments: *See Attachment.*

_3/23/16_          _____
Date                                              United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

[ ] GRANTED

[X] DENIED (see comments above). IT IS FURTHER ORDERED that this case is hereby:      [X] DISMISSED.      [ ] REMANDED.

_March 24, 2016_          _____
Date                                              United States District Judge

CV-73 (01/15)                    ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

**ATTACHMENT**

**NO. 16-1919-MWF (E)**

Plaintiff's declaration in support of her request to proceed _in forma pauperis_ asserts that Plaintiff owns a home valued at approximately $560,000. Accordingly, Plaintiff has not made a sufficient showing of indigency to demonstrate entitlement to file this action without prepayment of the full filing fee. See 28 U.S.C. § 1915.

This federal Court lacks jurisdiction over Plaintiff's challenges to the decisions of the California state courts. Under the "Rooker-Feldman" doctrine, a federal district court lacks subject matter jurisdiction to review final state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Rooker-Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries, Inc., 544 U.S. 280, 294 (2005). The only proper federal court in which to obtain review is the United States Supreme Court, by

1

petition for writ of certiorari. <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. at 476; 28 U.S.C. § 1257.

Furthermore, Plaintiff's claims against judicial officers arising out of court rulings are barred by the doctrine of judicial immunity. The doctrine of judicial immunity bars state and federal claims for damages against a judicial officer for actions taken in his or her judicial capacity. See <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991) (per curiam); <u>Moore v. Brewster</u>, 96 F.3d 1240, 1243-44 (9th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1118 (1997). "[J]udicial immunity is not overcome by allegations of bad faith or malice." <u>Mireles v. Waco</u>, 502 U.S. at 11; <u>see also</u> <u>Regan v. Price</u>, 131 Cal. App. 4th 1491, 1495, 33 Cal. Rptr. 3d 130 (2005) ("This rule applies even where the judge's acts are alleged to have been done maliciously and corruptly.") (citations omitted). The doctrine "applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985) (citations and quotations omitted); <u>see also Stump v. Sparkman</u>, 435 U.S. 349 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").